```
                                    FILED
                            CLERK, U.S. DISTRICT COURT

                              NOV 1 8 2008

                            CENTRAL DISTRICT OF CALIFORNIA
                            BY                        DEPUTY
```

HOLLAND & KNIGHT LLP
   Shelley G. Hurwitz (State Bar #217566)
633 West Fifth Street, 21st Floor
Los Angeles, California 90071-2040
Telephone (213) 896-2400
Facsimile (213) 896-2450

Beth S. Naylor (admitted pro hac vice)
Douglas R. Dennis (admitted pro hac vice)
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
Telephone: (513) 651-6727
Facsimile: (513) 651-6981

Attorneys for Defendant, BERNZOMATIC, an unincorporated
Division of Irwin Industrial Tool Company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON BOWENS, an individual, | CASE NO.  EDCV 07-848-VAP (JTLx) |
| Plaintiff, | |
| v. | [PROPOSED] ORDER ON BERNZOMATIC'S MOTION FOR A PROTECTIVE ORDER |
| INLAND BUILDERS SUPPLY, et.al. | |
| Defendants. | |
| | Date: November 18, 2008 |
| | Time: 10 am |
| | Crtroom: B |
| | Hon. Jennifer Lum |
| | Discovery Cut-off: Nov. 20, 2008 |
| | Pretrial Conf.: February 2, 2009 |
| | Trial: February 10, 2009 |

[PROPOSED] ORDER

1

ORDER

2     The Motion of Bernzomatic For a Protective Order (the "Motion") came up

3  for hearing on November 18, 2008.  The appearances of counsel were noted on the

4  record.  The Motion, having been considered and found to be in the interest of

5  justice:

6     IT IS ORDERED as follows:

7     1.     The Motion is granted.

8     2.     The Protective Order attached hereto as Exhibit A is entered by the

9  Court, and shall govern this matter.

10

11

12

13     DATED: _November 18_, 2008

14                                          _Guy T Lum_

15                              Judge of the United States District Court

16

17

18

19

20

21

22

23

24

25

26

27

28

2
[PROPOSED] ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A

[PROPOSED] ORDER

I.     **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

II.     **DEFINITIONS**

**A.**     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

**B.**     Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

**C.**     "Confidential" Information or Items: information, whether or not embodied in any physical medium, including all originals and copies of any documents and/or information, used by the Producing Party in or pertaining to its business, which information the Producing Party reasonably and in good faith believes contains or concerns confidential, non-public, proprietary and/or sensitive information including, but not limited to, information regarding a party's finances, processes for handling consumer claims, products, services, research & development, manufacturing, purchasing, accounting, engineering, designing, distribution, financial data, technical information, product specifications, testing

[PROPOSED] ORDER

1  procedures, test criteria and results, personnel records and information, non-public

2  submissions and communications with governmental agencies, proprietary or

3  nonpublic commercial information, information involving privacy interests, and

4  commercial and/or competitively sensitive information of a nonpublic nature, or

5  received on a confidential basis. By way of example only, such information

6  includes schematics, designs, models, drawings, memoranda, specifications,

7  computer software, computer printouts, computer programs, development tools and

8  processes, technical data and improvements. It also includes plans or proposals

9  with regard to any of the foregoing whether implemented or not and any electronic

10  data recorded, sent or retrieved by any means that contains any of the foregoing

11  information.

12      **D.**    "Highly Confidential - Attorneys' Eyes Only" Information or

13  Items: extremely sensitive "Confidential Information or Items" whose disclosure to

14  another Party or non party would create a substantial risk of serious injury that

15  could not be avoided by less restrictive means.

16      **E.**    Receiving Party: a Party that receives Disclosure or Discovery

17  Material from a Producing Party.

18      **F.**    Producing Party: a Party or non-party that produces Disclosure

19  or Discovery Material in this action.

20      **G.**    Designating Party: a Party or non-party that designates

21  information or items that it produces in disclosures or in responses to discovery as

22  "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

23      **H.**    Protected Material: any Disclosure or Discovery Material that is

24  designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

25      **I.**    Outside Counsel: attorneys who are not employees of a Party

26  but who are retained to represent or advise a Party in this action.

27      **J.**    House Counsel: attorneys who are employees of a Party.

28

1    **K.**    Counsel (without qualifier): Outside Counsel and House

2  Counsel (as well as their support staffs).

3    **L.**    Expert: a person with specialized knowledge or experience in a

4  matter pertinent to the litigation who has been retained by a Party or its counsel to

5  serve as an expert witness or as a consultant in this action.  This definition includes

6  a professional jury or trial consultant retained in connection with this litigation.

7    **M.**    Professional Vendors: persons or entities that provide litigation

8  support services (e.g., photocopying; videotaping; translating; preparing exhibits or

9  demonstrations; organizing, storing, retrieving data in any form or medium; etc.)

10  and their employees and subcontractors.

11  **III.   SCOPE**

12    The protections conferred by this Stipulation and Order cover not only

13  Protected Material (as defined above), but also any information copied or extracted

14  therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus

15  testimony, conversations, or presentations by parties or counsel to or in court or in

16  other settings that might reveal Protected Material.

17  **IV.   DURATION**

18    Even after the termination of this litigation, the confidentiality obligations

19  imposed by this Order shall remain in effect until a Designating Party agrees

20  otherwise in writing or a court order otherwise directs.

21  **V.   DESIGNATING PROTECTED MATERIAL**

22    **A.**    Exercise of Restraint and Care in Designating Material for

23  Protection.  Each Party or non-party that designates information or items for

24  protection under this Order must take care to limit any such designation to specific

25  material that qualifies under the appropriate standards.  A Designating Party must

26  take care to designate for protection only those parts of material, documents, items,

27  or oral or written communications that qualify - so that other portions of the

28

1  material, documents, items, or communications for which protection is not
2  warranted are not swept unjustifiably within the ambit of this Order. Documents
3  constituting public record are not covered by this agreement.  Also, all documents
4  or tangible things constituting promotional/advertising material that Bernzomatic
5  or Worthington actually used to promote their product and are public documents
6  are also not covered by this agreement.

7        **B.**    Mass, indiscriminate, or routinized designations are prohibited.
8  Designations that are shown to be clearly unjustified, or that have been made for an
9  improper purpose (e.g., to unnecessarily encumber or retard the case development
10  process, or to impose unnecessary expenses and burdens on other parties), expose
11  the Designating Party to sanctions.

12        If it comes to a Party's or a non-party's attention that information or items
13  that it designated for protection do not qualify for protection at all, or do not
14  qualify for the level of protection initially asserted, that Party or non-party must
15  promptly notify all other parties that it is withdrawing the mistaken designation.

16        **C.**    Manner and Timing of Designations.  Except as otherwise
17  provided in this Order (see, e.g., second paragraph of section 5 .2(a), below), or as
18  otherwise stipulated or ordered, material that qualifies for protection under this
19  Order must be clearly so designated before the material is disclosed or produced.
20  Designation in conformity with this Order requires:
21
22        **1.**    for information in documentary form (apart from
23  transcripts of depositions or other pretrial or trial proceedings), that the Producing
24  Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -
25  ATTORNEYS' EYES ONLY" at the bottom of each page that contains protected
26  material. If only a portion or portions of the material on a page qualifies for
27  protection, the Producing Party also must clearly identify the protected portion(s)
28  (e.g., by making appropriate markings in the margins) and must specify, for each

[PROPOSED] ORDER

1  portion, the level of protection being asserted (either "CONFIDENTIAL" or
2  "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").
3  The Producing Party must determine which documents, or portions thereof, qualify
4  for protection under this Order, then, before producing the specified documents,
5  the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or
6  "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") at the bottom of
7  each page that contains Protected Material.  If only a portion or portions of the
8  material on a page qualifies for protection, the Producing Party also must clearly
9  identify the protected portions) (e.g., by making appropriate markings in the
10  margins) and must specify, for each portion, the level of protection being asserted
11  (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS'
12  EYES ONLY").

13              2.      for testimony given in deposition or in other pretrial or
14  trial proceedings, that the Party or non-party offering or sponsoring the testimony
15  identify on the record, before the close of the deposition, hearing, or other
16  proceeding, all protected testimony, and further specify any portions of the
17  testimony that qualify as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES
18  ONLY."  When it is impractical to identify separately each portion of testimony
19  that is entitled to protection, and when it appears that substantial portions of the
20  testimony may qualify for protection, the Party or non-party that sponsors, offers,
21  or gives the testimony may invoke on the record (before the deposition or
22  proceeding is concluded) a right to have up to 20 days to identify the specific
23  portions of the testimony as to which protection is sought and to specify the level
24  of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL
25  - ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are
26  appropriately designated for protection within the 20 days shall be covered by the
27  provisions of this Stipulated Protective Order.
28

1  Transcript pages containing Protected Material must be separately bound by the
2  court reporter, who must affix to the top of each such page the legend
3  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES
4  ONLY," as instructed by the Party or non party offering or sponsoring the witness
5  or presenting the testimony.

6          **3.**    for information produced in some form other than
7  documentary, and for any other tangible items, that the Producing Party affix in a
8  prominent place on the exterior of the container or containers in which the
9  information or item is stored the legend "CONFIDENTIAL" or "HIGHLY
10 CONFIDENTIAL - ATTORNEYS' EYES ONLY." If only portions of the
11 information or item warrant protection, the Producing Party, to the extent
12 practicable, shall identify the protected portions, specifying whether they qualify as
13 "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

14         **D.**    Inadvertent Failures to Designate. If timely corrected, an
15 inadvertent failure to designate qualified information or items as "Confidential" or
16 "Highly Confidential - Attorneys' Eyes Only" does not, standing alone, waive the
17 Designating Party's right to secure protection under this Order for such material.
18 If material is appropriately designated as "Confidential" or "Highly Confidential -
19 Attorneys' Eyes Only" after the material was initially produced, the Receiving
20 Party, on timely notification of the designation, must make reasonable efforts to
21 assure that the material is treated in accordance with the provisions of this Order.

22 **VI.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**
23         **A.**    Timing of Challenges. Unless a prompt challenge to a
24 Designating Party's confidentiality designation is necessary to avoid foreseeable
25 substantial unfairness, unnecessary economic burdens, or a later significant
26 disruption or delay of the litigation, a Party does not waive its right to challenge a
27
28

[PROPOSED] ORDER

1  confidentiality designation by electing not to mount a challenge promptly after the

2  original designation is disclosed.

3       **B.**    Meet and Confer.  A Party that elects to initiate a challenge to a

4  Designating Party's confidentiality designation must do so in good faith and must

5  begin the process by conferring directly (in voice to voice dialogue; other forms of

6  communication are not sufficient) with counsel for the Designating Party.  In

7  conferring, the challenging Party must explain the basis for its belief that the

8  confidentiality designation was not proper and must give the Designating Party an

9  opportunity to review the designated material, to reconsider the circumstances,

10  and, if no change in designation is offered, to explain the basis for the chosen

11  designation.  A challenging Party may proceed to the next stage of the challenge

12  process only if it has engaged in this meet and confer process first.

13       **C.**    Judicial Intervention.  A Party that elects to press a challenge to

14  a confidentiality designation after considering the justification offered by the

15  Designating Party may file and serve a motion that identifies the challenged

16  material and sets forth in detail the basis for the challenge.  Each such motion must

17  be accompanied by a competent declaration that affirms that the movant has

18  complied with the meet and confer requirements imposed in the preceding

19  paragraph and that sets forth with specificity the justification for the confidentiality

20  designation that was given by the Designating Party in the meet and confer

21  dialogue.

22       The burden of persuasion in any such challenge proceeding shall be on the

23  Designating Party.  Until the court rules on the challenge, all parties shall continue

24  to afford the material in question the level of protection to which it is entitled under

25  the Producing Party's designation.

26

27

28

[PROPOSED] ORDER

## VII. ACCESS TO AND USE OF PROTECTED MATERIAL

**A.** Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**B.** Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

1. the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

2. Bowens, the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

3. experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

4. the Court and its personnel;

11

1          **5.**      court reporters, their staffs, and professional vendors to

2    whom disclosure is reasonably necessary for this litigation and who have signed

3    the "Agreement to Be Bound by Protective Order" (Exhibit A);

4          **6.**      witnesses in the action to whom disclosure is reasonably

5    necessary and who have signed the "Agreement to Be Bound by Protective Order"

6    (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions

7    that reveal Protected Material must be separately bound by the court reporter and

8    may not be disclosed to anyone except as permitted under this Stipulated

9    Protective Order.

10          **7.**      the author of the document or the original source of the

11    information to whom disclosure is reasonably necessary and who have signed the

12    "Agreement to Be Bound by Protective Order" (Exhibit A).

13          **C.**      Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS'

14    EYES ONLY" Information or Items.  Unless otherwise ordered by the court or

15    permitted in writing by the Designating Party, a Receiving Party may disclose any

16    information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS'

17    EYES ONLY" only to:

18          **1.**      the Receiving Party's Outside Counsel of record in this

19    action, as well as employees of said Counsel to whom it is reasonably necessary to

20    disclose the information for this litigation and who have signed the "Agreement to

21    Be Bound by Protective Order" that is attached hereto as Exhibit A;

22          **2.**      Bowens, House Counsel of a Receiving Party to whom

23    disclosure is reasonably necessary for this litigation, and who has signed the

24    "Agreement to Be Bound by Protective Order" (Exhibit A);

25          **3.**      Experts (as defined in this Order) to whom disclosure is

26    reasonably necessary for this litigation, and who have signed the "Agreement to Be

27    Bound by Protective Order" (Exhibit A);

28

12

1          **4.**     the Court and its personnel;

2          **5.**     court reporters, their staffs, and professional vendors to

3 whom disclosure is reasonably necessary for this litigation and who have signed

4 the "Agreement to Be Bound by Protective Order" (Exhibit A); and

5          **6.**     the author of the document, any person who had received

6 it prior to this litigation (i.e., addressees), or the original source of the information,

7 to whom disclosure is reasonably necessary and who have signed the "Agreement

8 to Be Bound by Protective Order" (Exhibit A).

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

11     If a Receiving Party is served with a subpoena or an order issued in other

12 litigation that would compel disclosure of any information or items designated in

13 this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

14 ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating

15 Party, in writing (by fax, if possible) immediately and in no event more than seven

16 court days after receiving the subpoena or order.  Such notification must include a

17 copy of the subpoena or court order.

18     The Receiving Party also must immediately inform in writing the Party who

19 caused the subpoena or order to issue in the other litigation that some or all the

20 material covered by the subpoena or order is the subject of this Protective Order.

21 In addition, the Receiving Party must deliver a copy of this Stipulated Protective

22 Order promptly to the Party in the other action that caused the subpoena or order to

23 issue.

24     The purpose of imposing these duties is to alert the interested parties to the

25 existence of this Protective Order and to afford the Designating Party in this case

26 an opportunity to try to protect its confidentiality interests in the court from which

27 the subpoena or order issued.  The Designating Party shall bear the burdens and the

28

1   expenses of seeking protection in that court of its confidential material, and
2   nothing in these provisions should be construed as authorizing or encouraging a
3   Receiving Party in this action to disobey a lawful directive from another court.

4   **IX.   UNAUTHORIZED DISCLOSURE OF PROTECTED**
5   **       MATERIAL**

6   If a Receiving Party learns that, by inadvertence or otherwise, it has
7   disclosed Protected Material to any person or in any circumstance not authorized
8   under this Stipulated Protective Order, the Receiving Party must immediately (a)
9   notify in writing the Designating Party of the unauthorized disclosures, (b) use its
10  best efforts to retrieve all copies of the Protected Material, (c) inform the person or
11  persons to whom unauthorized disclosures were made of all the terms of this
12  Order, and (d) request such person or persons to execute the "Acknowledgment
13  and Agreement to Be Bound" that is attached hereto as Exhibit A.

14  **X.   FILING PROTECTED MATERIAL**

15  Without written permission from the Designating Party or a court order
16  secured after appropriate notice to all interested persons, a Party may not file in the
17  public record in this action any Protected Material.  A Party that seeks to file under
18  seal any Protected Material must comply with Federal Laws and Local Federal
19  Rules.

20  **XI.   FINAL DISPOSITION**

21  Unless otherwise ordered or agreed in writing by the Producing Party, within
22  sixty days after the final termination of this action, each Receiving Party must
23  return all Protected Material to the Producing Party. As used in this subdivision,
24  "all Protected Material" includes all copies, abstracts, compilations, summaries or
25  any other form of reproducing or capturing any of the Protected Material.  With
26  permission in writing from the Designating Party, the Receiving Party may destroy
27  some or all of the Protected Material instead of returning it.  Whether the Protected
28

1   Material is returned or destroyed, the Receiving Party must submit a written
2   certification to the Producing Party (and, if not the same person or entity, to the
3   Designating Party) by the sixty-day deadline that identifies (by category, where
4   appropriate) all the Protected Material that was returned or destroyed and that
5   affirms that the Receiving Party has not retained any copies, abstracts,
6   compilations, summaries or other forms of reproducing or capturing any of the
7   Protected Material.  Notwithstanding this provision, Counsel are entitled to retain
8   an archival copy of all pleadings, motion papers, transcripts, legal memoranda,
9   correspondence or attorney work product, even if such materials contain Protected
10  Material.  Any such archival copies that contain or constitute Protected Material
11  remain subject to this Protective Order as set forth in Section 4, above.

12  **XII.  MISCELLANEOUS**

13        **A.**    Right to Further Relief.  Nothing in this Order abridges the
14  right of any person to seek its modification by the Court in the future.

15        **B.**    Right to Assert Other Objections.  By stipulating to the entry of
16  this Protective Order no Party waives any right it otherwise would have to object to
17  disclosing or producing any information or item on any ground not addressed in
18  this Stipulated Protective Order.  Similarly, no Party waives any right to object on
19  any ground to use in evidence of any of the material covered by this Protective
20  Order.

21        **C.**    This Stipulated Protective Order does not apply to public
22  records or records in the public domain.

23        **D.**    A party to this Stipulated Protective Order may file a motion in
24  limine to seek admission of evidence at trial.  The motion in limine shall be heard
25  by the Court under seal or under in-camera review.

26

27

28

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, [print or type full name]_____, of [print or type full address] _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the U.S. District Court for the Central District of California, Eastern Division on [date] _____ in the case of Bowens v. Worthington Cylinder Corporation, Case No. EDCV-07-848 VAP (JCRx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Central District of California, Eastern Division for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint [print or type full name] _____ of [print or type full address and telephone number] _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order. Date: _____

City and State where sworn and signed:

Printed name: _____

[printed name]

Signature: _____

[signature]

16